## MANSON ET AL. *v.* THE STATE, EX REL. LEE.

STATE 'PRISON NORTH.—*Election, and Term of Office, of Directors.*—Section 1 of the act of March 5th, 1859, 1 G. & H. 470, providing " for the erection of a new prison north of the national road, election of officers therefor, &ast; &ast; &ast; and for the regulation of the same," provides for the election, by a joint vote of the General Assembly, of three directors of that prison, and that they shall hold their offices " for the term of two years, and until their successors are elected and qualified."

SAME.—*Statute Construed.*—Section 13 of such act has no reference to the election and terms of office of such directors, but simply continues in force the laws and regulations governing the state prison south, so far as the same concerned the warden, clerk and other appointees authorized by law.

SAME —The directors of the state prison north, elected by the General Assembly of 1877, were entitled to hold their offices until the 11th day of March, 1879, at which time the directors of that prison, previously elected by the General Assembly of 1879, were entitled to succeed the former.

SAME.—*Right to Salary by one not in Possession.— Waiver.—Mandate.—Auditor of State.*—In an action on the relation of a member of such new board, against the auditor of state, to compel him, by mandate, to issue a warrant to the former for his salary, wherein the members of the old board, being admitted as defendants on their own petition, claimed to be the legal directors, the question as to whether the plaintiff's relator could maintain the action, while not in possession of the office, could only be raised, and could be waived, by the auditor of state.

From the Marion Civil Circuit Court.

*T. W. Woollen*, Attorney General, *D. Turpie, H. D. Pierce, J. Bradley* and *J. A. Bradley*, for appellants.

*J. R. Coffroth, T. A. Stuart, C. Baker, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellee.

HOWK, J.—On the 14th day of April, 1879, the appellee's relator, John Lee, filed in the court below his complaint, duly verified, against the appellant Mahlon D. Manson, Auditor of State of the State of Indiana, as sole defendant, and thereon moved the court for an alternative writ of mandate, in accordance with the prayer of said complaint. On the same day, the appellant Manson voluntarily appeared and waived the issuing of such alternative writ of mandate, and filed his demurrer to the relator's verified complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against him, or to warrant the relief prayed for therein. On the 18th day of April, 1879, the court overruled the demurrer to the complaint, and to this decision the appellant Manson excepted.

On the 24th day of April, 1879, the appellant Manson

withdrew his answer before that time filed, and answered the relator's verified complaint, in substance, as follows:

" Comes now Mahlon D. Manson, Auditor of State, respondent, and, for answer to said petition or complaint, says he has no interest whatever in the proceedings of said relator, except to see that his warrant for said salary shall be issued [by him], as such Auditor of State, to the proper person entitled by law to receive such warrant and salary, as such prison director, and therefore he respectfully prays the judgment and direction of this honorable court, in the premises."

On the same day last named, the appellants Robert Dykes and John W. Baker filed in said. cause their verified petition, in substance, as follows:

" The undersigned represent to the court that they have a real and substantial interest. in the matters involved in this cause ; that they were duly elected, commissioned and qualified as directors of the northern prison, in said State of Indiana, and have been and are now serving as such directors, under their said election by the General Assembly of said State to the said position; that they have served as such directors, are now serving as such, and have been ever since the 12th day of March, 1877, and that they are now lawfully entitled to have paid to them the salary of said office of prison directors, which salary, in said cause, is claimed by the relator. Wherefore they pray that they may be made parties defendants hereto, and be permitted to plead and answer as defendants in said cause."

The prayer of said petition was granted by the court, and, on their own application, the appellants Dykes and Baker were made parties defendants in this cause, and allowed and directed to answer the relator's complaint.

No amendment was made by the appellee's relator to his verified complaint, but the appellants Dykes and Baker demurred thereto, upon the ground that it did not state facts sufficient to constitute a cause of action against

them, "or justify any proceedings against them." This demurrer was overruled by the court, and to this ruling they excepted.

The appellants Dykes and Baker then answered the relator's complaint: *First*, by a general denial thereof; and, *secondly*, by an affirmative or special paragraph, the substance of which we will give hereafter. To this second paragraph of answer the relator replied in two paragraphs, the first of which was a special reply, and the second was a general denial.

Upon the affidavit of the appellants Dykes and Baker of the bias and prejudice of the presiding judge of the court below, the cause was removed from before him, and, "with the consent and approval of the parties," the Hon. Livingston Howland was duly appointed as special judge "to hear, try and determine said cause."

The issues joined were tried by the court without a jury, and a finding was made that the relator, John Lee, by virtue of his election and qualification as director of the Indiana State Prison North, mentioned in the appellee's complaint, was, on the 11th day of March, 1879, entitled to the office of director of said prison, and then was in the possession of said office, and in the exercise and performance of the duties thereof; that the relator was subsequently wrongfully excluded from said prison, and from the performance of the duties of said office, by the appellants Dykes and Baker; that, ever since the last named date, the relator had been and then was entitled to the office of director of said prison, and to exercise the duties and receive the salary of said office ; that the terms of office of the appellants' Dykes and Baker, as directors of said prison, ceased and determined on the said 11th day of March, 1879, and that their subsequent exercise of the duties of said offices of directors of said prison, and their exclusion of the relator and Frederick Hoover from said

prison, and from their offices as directors thereof, was un-
authorized and illegal; that a peremptory mandate should
be issued to and against the appellant Manson, Auditor of
State, requiring him to audit and issue his warrant on the
Treasurer of State for the relator's account for his salary,
as a director of said prison, mentioned in his complaint;
and that a peremptory mandate should also be issued
to and against the appellants Robert Dykes and John W.
Baker, requiring them and each of them to cease to at-
tempt to further exercise or perform the duties of the
office of a director of said prison, or to longer or further
exclude the relator from the said prison, or from the per-
formance and exercise of the duties pertaining to his office
as a director of said prison.

The appellants jointly moved the court for a new trial,
which motion was overruled, and to this ruling they sev-
erally excepted, and judgment was then rendered by the
court upon and in accordance with its finding, from which
judgment this appeal is now here prosecuted.

In this court, the appellant Manson separately, and the
appellants Dykes and Baker jointly, assigned as errors
the decisions of the circuit court in overruling their re-
spective demurrers to the relator's verified complaint, and
all the appellants jointly assigned as error the decision of
the court in overruling their motion for a new trial.

It is necessary, we think, to a proper understanding of
the questions presented and discussed by counsel[a] in this
case, and of our decision of those questions, that we should
first give a summary at least of the facts alleged by
the appellee's relator, in his verified complaint.

The relator alleged, in substance, that, in pursuance of an
act of the General Assembly of this State, approved March
5th, 1859, entitled " An act to provide for the erection of
a new prison north of the National Road, election of offi-
cers therefor, making appropriations, and for the regula-
tion of the same," the Governor of Indiana, on or about

the 11th day of March, 1859, appointed and commissioned three named persons as directors of said Indiana northern state-prison, to serve as such for the term of two years from the said 11th day of March, 1859, and until their successors should be elected and qualified, the General Assembly, by which said act was passed, having failed to elect directors thereunder. The relator then alleged at length and in detail, that, at each biennial session of the Legislature after the passage of said act, commencing· with the regular session of 1861, and including the regular session of 1875, the General Assembly had elected three named persons as directors of said northern prison, to serve as such for the term of two years from and after the 11th day of March next succeeding the time of their election; that the three persons thus elected from time to time had qualified on or before the 11th day of March succeeding their election, and had discharged the duties of their offices for the term of two years then next following and until their successors were elected and qualified; that, at the regular session of the Legislature in 1877, the General Assembly had duly elected one Charles B. Luther, and the appellants Dykes and Baker; as directors of said northern prison, to serve as such until the 11th day of March, 1879, and that they, the said Luther and the appellants, were duly commissioned by the Governor of this State as such directors, for the term aforesaid, and, on the 11th day of March, 1877, duly qualified and entered upon the duties of their offices, as such directors, their predecessors in office then and there retiring and surrendering to them the said offices; that, at the regular session of the Legislature in 1879, the General Assembly had duly elected the appellee's relator, John Lee, and Simon Wile and Frederick Hoover, as directors of said northern prison, to succeed the said Luther and the appellants Dykes and Baker, and to serve as such directors until the 11th day of March, 1881, and until their suc-

cessors should be elected and qualified; that, at the time
of their said election, the said Lee, Wile and Hoover, and
each of them, were and had since remained eligible
and qualified to be elected to said offices, and to hold
the same for the whole term for which they had been
so elected as aforesaid; that thereupon the said Lee, Wile
and Hoover were duly commissioned as such directors by
the Governor of this State, on the 18th day of February,
1879, for the term aforesaid, and the appellee's relator,
John Lee, qualified as such director, by taking the oath of
office, on the 10th day of March, 1879; that, as the relator
was informed and believed, the said Simon Wile, on the
10th day of March, 1879, and the said Frederick Hoover,
about eight o'clock A. M. of the 11th day of March, 1879,
severally qualified as such directors, by taking the oath of
office prescribed by law; that the said Lee, Wile and
Hoover, about nine o'clock A. M. of the 11th day of March,
1879, at the said northern prison, in Laporte county, In-
diana, and within the rooms set apart and used by the
directors of said prison, informed the said Luther and the
appellants Dykes and Baker, that they, the said Lee, Wile
and Hoover, had qualified as such directors of said prison;
that afterward, on said last named day, the said Lee, Wile
and Hoover met at said prison, in the directors' rooms
aforesaid, and duly qualified as a board of directors or
board of control, by electing said John Lee president of
said board, and by electing James Murdock warden of said
prison for the term of four years from said 11th day of
March, 1879; that thereupon, on the same day, the said
Murdock duly qualified as such warden, by taking the
oath of office and giving the official bond required by law,
which bond and the sureties therein were, on the same
day, duly approved by said board of directors or board of
control, and was afterward filed with, and deposited in
the care of, the Treasurer of State of this State in his
office; that afterward, on the 12th day of March, 1879,

the said Lee, Wile and Hoover again met at the said prison, as directors thereof, in the directors' rooms aforesaid, and elected Hugh E. Sidener clerk of said board of directors and of said prison, who thereupon duly qualified as such clerk, by taking the oath of office and giving bond as required by law, which bond was approved by said board of directors; that, by reason of the facts aforesaid, the said John Lee became and was a director of said prison, duly elected and qualified, and he entered upon the duties of his office and was in actual possession of said office, on the said 11th day, and during a part of the said 12th day, of March, 1879, and that he was still director of said prison and entitled to perform the duties of the office and to receive the salary and emoluments thereof; that, prior to and at the time of the organization of the said board of directors or board of control, as aforesaid, Charles Mayne was the warden of said prison, having been duly elected as such warden on the 11th day of March, 1875, for the term of four years thence next ensuing, by the then board of directors of said prison; that, upon the qualification of said Murdock as such warden of said prison, as the relator was advised, believed and charged, the right of the said Mayne to said office ceased and determined; that, after the relator, John Lee, had so been in the possession of his said office of director of said prison, and after said Murdock had so qualified as warden thereof, on the afternoon of the 12th day of March, 1879, the appellants Dykes and Baker, and the guards of said prison, by and under the direction of said Charles Mayne, forcibly excluded the said Lee, Wile and Hoover and the said Murdock from said prison, by locking them out of the prison and out of the walls thereof, the appellants Dykes and Baker being at the time within the walls of the prison, and at and within the entrance to the prison, and being surrounded by the prison guards, who had the keys to the prison, and who declared they were instructed by said

Charles Mayne not to admit the said Lee, Wile, Hoover and Murdock within the walls of said prison; that afterward, on the 1st day of April, 1879, the said Lee and Hoover met as the board of directors of said prison, at the City of Indianapolis, upon the call of said Lee as the president of said board, all the members of said board having been duly notified of said meeting; and the said Simon Wile not attending that meeting, and thereupon the said John Lee presented an account for his services as director of said prison, from the 11th to the 31st days of March, 1879, both inclusive, for the sum of twenty-nine dollars and fifteen cents, the amount then due under the law prescribing the salary of his said office, which account was duly certified by said Murdock, as warden of said prison, and was, on said 1st day of April, 1879, duly allowed by said board of directors; that, on said 1st day of April, 1879, the said John Lee presented said account, so certified and allowed, to the appellant Manson, Auditor of State, at the office of said auditor, at the City of Indianapolis, and requested him, as such auditor, to audit said account and to draw his warrant therefor, in favor of said Lee, on the Treasurer of State, but that the appellant Manson then and since refused to audit the said account and to issue his warrant for the amount thereof, in favor of the appellee's relator, the said John Lee. A copy of said account, so certified and allowed, was set out at length in said verified complaint.

The appellee's relator further averred, that after the said board of directors had been organized by said Lee, Wile and Hoover, and after the said Luther, Dykes and Baker had been informed thereof, and after the said Luther, Dykes and Baker had ceased to be directors of said prison, as the relator was advised, believed and charged, the appellants Dykes and Baker, on the afternoon of the said 11th day of March, 1879, held a pretended meeting in some unusual place in said prison, in which they pre-

tended to act as a board of directors of said prison, and pretended to elect the said Charles Mayne warden of said prison, for the new term of four years from said 11th day of March, 1879; that the said Luther refused to participate in said action of said Dykes and Baker, in re-electing said Mayne, and retired from said office of director, declaring that his term of office had expired; that the said Charles Mayne claimed to have a title to said office of warden under said pretended election, for the said term of four years from said 11th day of March, 1879, and that the said Dykes and Baker falsely pretended that they were elected directors of said prison for the term of four years from said 11th day of March, 1877, and claimed that they were entitled to hold said offices for said term of four years, and until their successors were elected and qualified.

The relator further averred, that, after the organization of said board of directors, composed of said Lee, Wile and Hoover, on the 11th day of March, 1879, and before the election of said Murdock as warden, the name of said Charles Mayne was presented to said board as a candidate for re-election, with his knowledge and consent, and at the election of warden by said board he received one vote, to wit, the vote of said Wile, and failing to be elected by said board he recognized the said Dykes and Baker as being the board of directors of said prison and accepted an election at their hands, and afterward, on the 12th day of March, 1879, through the prison guards and in combination with the said Dykes and Baker, he excluded the said Lee, Wile and Hoover, and the said Murdock, by locking them out of the prison as aforesaid.

The relator further averred, that afterward, on the 1st day of April, 1879, the said Simon Wile joined the combination to extend the terms of office of the said Dykes and Baker as directors, and of the said Mayne as warden of said prison, and on the same day the said Dykes, Baker

and Wile, at and within said prison, organized a pretended board of directors of said prison, by electing the said Wile president thereof, who was then acting as such president, and that the said Wile, Dykes and Baker then claimed to be the directors of said prison, to the exclusion of the said Lee and Hoover from the said offices. Wherefore, etc.

The first question presented by the appellants' counsel, as arising under the demurrer of the appellant Manson, is thus stated in the able and exhaustive brief of counsel, who claim to represent all the appellants: "Whether a mandate for the payment of a salary lies against an accounting officer of the state government, by one claiming an office and its salary, who is not in the possession of the office, and who admits that another is in possession thereof, discharging its duties and claiming its emoluments, and also whether the title to an office may be tried and determined in such a proceeding?" It is evident, we think, that the question stated could only arise under the demurrer of the appellant Manson, and could only be insisted on by him, and not by his co-appellants, Dykes and Baker. If we understand the answer of the appellant Manson, and the brief of the Attorney General in his behalf, "He wishes to waive any mere technicalities, and have the question as to who is entitled to receive the pay, as directors of the northern prison, fairly disposed of." The Attorney General has submitted the case to this court, " on behalf of the appellant Manson, with the statement that, having no interest in the case except to know his duty in issuing the warrant demanded, he awaits the order of the court in the premises." To the same effect, as we have seen, in the answer of the appellant Manson, he expressly disclaimed any interest whatever in this suit, except to see that his warrant for the salary of director of the northern prison was issued to the person entitled by law to re-

ceive the same; and therefore he respectfully prayed the judgment and direction of the court below in the premises.

It is evident, we think, that the appellant Manson has no desire to present for our decision the foregoing questions; but that, on the contrary, his only wish in this case is, that this court will pass upon and finally determine the important questions presented by the record, as to what law governs the election of directors of the northern prison, and what is the duration of the terms of office of such directors? These latter questions are the only ones, as it seems to us, in this case, in which the appellants Dykes and Baker have or can have any possible interest. Certainly, they do not and can not have any interest whatever in the questions above quoted from the brief of their counsel; for, if it were conceded that the proceeding by mandate would not lie against the appellant Manson as an accounting officer of the State, under the circumstances stated in said questions, he alone could object to the proceedings on this ground, and could waive, as we think he has waived, in this case, any such objection.

The appellants Dykes and Baker claimed that the appellee's relator, John Lee, was not a director of the northern prison, and was not entitled to the salary of such a director. They did not deny that Lee, Wile and Hoover, had been elected, commissioned and qualified, as alleged in the relator's complaint; but they claimed, that they, the said Dykes and Baker, had been elected directors of said prison by the General Assembly of this State, at the regular session thereof in 1877, and that their terms of office as such directors would not expire until the 11th day of March, 1881, and that, until then, they were entitled to the salary of such directors to the exclusion of the appellee's relator. These were the grounds, upon which the appellants Dykes and Baker asked to be made defendants

to the relator's suit; and we are bound to assume, that they came into this case for the express purpose of showing and establishing the fact, by the judgment of the court, that the relator was not a director of the northern prison, and this by reason of the further fact, that they, the said appellants, were such directors.

There is but little controversy between the appellee's relator and the appellants Dykes and Baker about the facts of this case. The question at issue between them is purely a question of law. The relator claimed, that all the directors of the northern prison had been elected by the General Assembly, under and pursuant to the provisions of an act entitled " An act to provide for the erection of a new prison north of the National Road, election of officers therefor, making appropriations, and for the regulation of the same," approved March 5th, 1859; that this act prescribed the number of such directors and the mode of their election, and provided that " Said directors shall hold their office for the term of two years, and until their successors are elected and qualified ;" that at every regular session since the passage of said act, under its provisions, the General Assembly had elected three directors, who held their offices for the term of two years, and until their successors were elected and qualified ; that accordingly, at the regular biennial session in 1877 of the Legislature, the appellants Dykes and Baker, and Charles B. Luther, were duly elected by the General Assembly, under the provisions of said act, as the three directors of said northern prison, and were duly commissioned by the Governor as such directors, for the term of two years from and after the 11th day of March, 1877, and were qualified as such directors, and, on said last named day, entered upon the discharge of their official duties ; and that accordingly, also, the General Assembly, at the regular biennial session thereof, in 1879, elected the appellee's relator, John Lee,

and Frederick Hoover and Simon Wile, under the provisions of said act, as the directors of said prison, who were commissioned as such by the Governor for a term of two years from and after the 11th day of March, 1879, and who qualified as such directors before the day last named, and on that day organized as the board of directors of said prison, for the ensuing two years, but were afterward, on the next day, excluded from said prison by the persons in charge thereof, in combination with the appellants Dykes and Baker, who claimed that they had been elected such directors for the term of four years instead of two years, and that their terms of office would not expire until March 11th, 1881.

We do not understand that the appellants Dykes and Baker controvert or dispute the existence of any of the above recited facts. They claim, however, that the above entitled act, of March 5th, 1859, was passed merely for the temporary purpose of securing the erection of a new prison, which should be and was merely a branch of the old prison, which then and before that time was located at Jeffersonville, Indiana; that during the erection of such new prison, and until the same was fully completed, the directors thereof, as to the time and mode of their election and their terms of office, were to be and were governed and controlled by the provisions of the above entitled act; but that, as soon as the said new prison was fully erected and completed, to wit, on the 13th day of December, 1867, the above entitled act became inoperative, at least so far forth as the terms of office of the directors of said prison were concerned; and that thereafter the terms of office of said directors, as to the length thereof, were governed and controlled by the provisions of an act entitled "An act to provide for the government and discipline of the state-prison, and to repeal 'An act to provide for the government and discipline of the state-prison,'

approved March 3, 1855, and all other laws or parts of laws inconsistènt herewith," approved February 5th, 1857. It will be seen from the date of the approval of this latter act, that it became a law about two years prior to the passage of the act which provided for the erection o ' said new prison ; and of course, therefore, it did not repeal, even by implication, any of the provisions of the later enactment.

The appellants Dykes and Baker found their claim to a four years' term of office, as we understand the argument of their learned counsel, upon the provisions of section 13 of the act of March 5th, 1859, which provided for the erection of a new prison, which section reads as follows :

" Sec. 13. All laws and regulations in force in reference to the government of the convicts, officers, and other matters in the present state-prison, be continued in force in reference to the management and control of this prison, as far as the same can be made applicable." 1 G. & H. 472.

It is earnestly insisted by the appellants' counsel, that, under and by force of this section, after the erection of the new prison, the directors thereof and their terms of office were thereafter to be and were governed and controlled by the laws and regulations in force in reference to the government of the old prison. It seems to us, however, that the language of this section is not open to any such construction. It will be seen that it is not provided that the laws and regulations governing the old prison should thereafter come in force, for the management and control of the new prison, upon the erection thereof or the happening of any other future event, but they were at once continued in force, as far as the same could be made applicable. It is very clear, we think, that the provisions of this section were not intended to and did not govern either the mode of election or the terms of office of the directors of the new prison ; for these matters were

especially provided for in the 1st section of said act, under which the new prison was to be and was erected. This 1st section provided for the election, by a joint vote of the General Assembly, of three directors of the new prison, and that they should hold their offices for the term of two years, and until their successors were elected and qualified. 1 G. & II., p. 470. The true intent and meaning of said section 13, as we construe its provisions, were, that the laws and regulations of the old prison should be continued in force, as to all such necessary officers of the new prison, such as warden, clerk and others, for the management and control of the new prison, as were not mentioned in the act providing for the erection thereof; but, as to the directors of the new prison, the 1st section of said act fixed the mode of their election by the joint vote of the General Assembly, and limited their term of office to the term of two years, and until their successors were elected and qualified. We do not doubt, that all the directors of the new or northern prison have been lawfully elected under the provisions of the 1st section of the act of March 5th, 1859; nor do we doubt that their terms of office were lawfully limited, as they were expressly limited, in and by said section. This construction of the act is in strict accordance with the construction placed thereon by the action of each and every General Assembly during the last twenty years; for, at each biennial session thereof since the passage of said act, the General Assembly elected three directors of said prison, under the provisions of said act, each and all of whom were duly commissioned by the Governor, and held the office for the term of two years from and after the 11th day of March next succeeding their respective elections, and no longer.

We have now fully considered and decided the important questions presented in and by the record of this cause. It has seemed to us that those questions are pre-

sented fairly, as to all the parties, by the record, and that they have been ably and elaborately discussed by the counsel of the respective parties to the cause. The interests of the parties, and, to some extent, the interests of the State, have alike demanded, we think, the decision of the main questions in the case, without regard to any merely technical questions. From our examination of the record, and with the purpose of deciding the leading and controlling questions in this cause, we have been led to the conclusion that there is no error in the record, of which the appellants Dykes and Baker can be heard to complain.

The judgment is affirmed, at the appellants' costs.