[Crim. No. 787.     Third Appellate District.—June 23, 1924.]

THE PEOPLE, Respondent, v. W. C. WILKINS, Appellant.

[1] CRIMINAL LAW—APPEAL—STATEMENT OF POINTS—SUFFICIENCY OF APPLICATION.—In a criminal action or proceeding, where the application filed by an appealing defendant, in pursuance of the provisions of section 1247 of the Penal Code, states that "said defendant hereby fixes as ground for his appeal, the following," and then sets forth in general terms the specifications of appeal, followed by a demand for the necessary transcript, this constitutes a substantial compliance with the requirement of said section that the application shall state in general terms the grounds of the appeal and the "points" upon which appellant relies.

[2] ID.—UTTERING FICTITIOUS CHECK—INSUFFICIENT FUNDS—KNOWLEDGE OF PAYEE—INTENT—EVIDENCE.—Where the maker of a check, at the time of delivery thereof to the payee, makes known to the latter that he has no funds in the bank to meet the check, there is no deception; and the mere fact that the maker fails to keep his

---

1.  See 8 Cal. Jur. 523; 2 R. C. L. 100.

2.  Giving worthless check as constituting false pretense, notes, 8 Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736. See, also, 12 Cal. Jur. 481; 11 R. C. L. 852.

promise to have the funds there on or about a given date does not constitute any evidence that at the time of the transaction the check was issued with intent to defraud.

(1) 17 C. J., p. 98, sec. 3366.    (2) 7 C. J., p. 675, sec. 391.

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial. J. B. Landis, Judge. Reversed.

The facts are stated in the opinion of the court.

H. Hugh Sydenham, W. H. Slade, Ralph H. Lewis and C. M. Fickert, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURROUGHS, J., *pro tem.*—The defendant was convicted of issuing a check in violation of section 476a of the Penal Code and appeals from the judgment and an order denying him a new trial.

[1] The attorney-general has made a motion to dismiss the appeal upon the ground that the defendant failed to comply with the provisions of section 1247 of the Penal Code.

In so far as it is material to a consideration of the motion, that section reads as follows: "Upon an appeal being taken from any judgment or order of the Superior Court, to the Supreme Court, or to a District Court of Appeal, in any criminal action or proceeding where such appeal is allowed by law, the defendant, or the district attorney when the people appeal, must, within five days, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken."

It is claimed in support of the motion that the application made by the defendant failed to state the "points" relied upon. The record discloses that defendant's application, filed

in pursuance of said section, states: "and said defendant hereby fixes as ground for his appeal, the following." There is then set forth in general terms eight specifications of appeal and a request to the court for a transcript of all of the testimony offered and received, also all objections and exceptions, and all matters to which the same relate, and a further statement that all of the same is necessary "to fairly present the points relied on as aforesaid."

This question was before the court in *People* v. *Preciado,* 31 Cal. App. 519 [160 Pac. 1090], and decided adversely to respondent's contention, and it is there said: "We fail to appreciate respondent's argument that there is, in contemplation of the statute, a substantial distinction intended in the use of the terms 'grounds' and 'points.' By stating 'in general terms the grounds,' we think the defendant complied with the statute sufficiently to entitle his appeal to be heard."

The foregoing language applies with equal force to the motion in this cause. The motion to dismiss the appeal is therefore denied.

The principal point relied upon by the defendant for a reversal of the judgment and order is that the proof fails to show an intent to defraud.

[2] The evidence upon which this contention is based, stated in the light most favorable to the prosecution, is that at the time of the making and delivery of the check defendant stated to the payee that he did not have sufficient funds in the bank to meet the check, but would have on or about the first of September, and the further fact that he did not keep such promise and the amount of the check has never been paid.

Section 476a of the Penal Code provides: "Every person who for himself or as the agent or representative of another or as an officer of a corporation, willfully, with intent to defraud, makes or draws or utters or delivers to another person, any check or draft on any bank, banker, or depositary for the payment of money, knowing at the time of such making, drawing, uttering or delivery, that he or his principal or the corporation of which he is an officer has not sufficient funds in, or credit with such bank, banker, or depositary, to meet such check or draft in full upon its presentation, is punishable by imprisonment in the county

jail for not more than one year or in the state prison for not more than fourteen years. The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank or depositary for the payment of such check or draft.''

So far as we are advised, the question here presented has never been decided by either the appellate or supreme court of this state, but in *People* v. *Bercovitz,* 163 Cal. 636 [43 L. R. A. (N. S.) 667, 126 Pac. 479], the supreme court says: ''We are not here concerned with a case where the fact of want of sufficient funds or credit is made known by the drawer to the person to whom he delivered the check or draft at the time of the delivery, and the payee chooses with such knowledge, to rely on a promise or a representation of the drawer, that he will make such provision that the amount thereof will be paid on presentation. It may be that in such a case a conviction could not properly be had under the section in question.''

In *People* v. *Wilbur,* 33 Cal. App. 511 [165 Pac. 729], it is held that the intention to defraud is the gist of the offense under section 476a of the Penal Code, and in *People* v. *Landman,* 103 Cal. 577 [37 Pac. 518], it is said, ''When a specific intent is an element of the offense, no presumption of law can ever arise that can decide the question of intent.'' In *State* v. *Sichfield,* 23 Nev. 304 [62 Am. St. Rep. 800, 34 L. R. A. 784, 46 Pac. 802], it is held the intent must be proved as a matter of fact and beyond a reasonable doubt. Can it be said that where the maker of a worthless check truthfully states to the payee, at the time of the delivery of the check, that he has no funds in the bank to meet the same, and the payee accepts it upon the promise of the defendant to make it good at some future day, that it was issued with intent to defraud? Cases of obtaining money or property by false pretenses bear some analogy to prosecutions under section 476a of the Penal Code. In each a specific element of the offense is the intent to defraud. In the former, however, there is the additional element that the injured party relied upon the false pretense and was thereby defrauded.

In *State* v. *Miller,* 47 Or. 562 [85 Pac. 81], a case of obtaining property by false pretenses, the defendant issued his check in payment of certain property. At the time of the

making and delivery of the check defendant informed the payee that he had no funds in the bank to meet it. It was held by the supreme court of Oregon that the payee did not rely upon the check and was. not defrauded thereby. It was also held that there was no intent to defraud shown, and the following pertinent language was used by the court: "Miller having told Goss that there was no money in the First National Bank of Sumpter to pay the check, there was no deceit and hence there was no intent on Miller's part to. defraud Goss."

In Words and Phrases (Second Series), volume 1, page 1273, it is said: "As defined by lexicographers, the word 'defraud' means to deprive of right, either by procuring something by deception or artifice, or by appropriating something wrongfully."

In the case at bar, the defendant having, at the time of the delivery of the check to the payee, made known to him that he had no funds in the bank to meet the check, there was no deception. And the mere fact that he failed to keep the promise does not, in our opinion, constitute any evidence that at the time of the transaction the check was issued with intent to defraud. There being an entire lack of evidence upon a material element of the offense, it follows that the judgment and order must be reversed, and it is so ordered, and the cause remanded.

Finch, P. J., and Plummer, J., concurred.