STATE, RESPONDENT, v. PATTERSON, APPELLANT.

(No. 5,858.)

(Submitted and decided January 28, 1926.)

[243 Pac. 355.]

*Criminal Law—False Pretenses—Uttering Fraudulent Check—
Evidence—Insufficiency.*

> 1. Defendant was convicted of uttering a fraudulent check. The
> check was postdated and at the time it was given to the complaining
> witness he was advised by defendant that he did not then have suffi-
> cient funds in the bank on which it was drawn (located outside the
> state) but that by the time it was received by the bank it would
> ·be all right. *Held,* that the gist of the offense charged under section
> 11369, Revised Codes of 1921, being fraudulent intent, the evidence
> was insufficient to show such intent and that the representation made
> was more in the nature of a future promise than that of a misrepre-
> sentation of an existing fact and therefore did not warrant conviction.

[1] False Pretenses, 25 **C. J.**, sec. 14, p. 593, n. 15; sec. 31, p. 602,
n. 7; sec. 90, p. 652, n. 50.

*Appeal from District Court, Lewis and Clark County; A. J.
Horsky, Judge.*

M. L. PATTERSON was convicted of uttering a fraudulent
check, and appeals from the judgment and the order refusing
him a new trial. Reversed, with direction to dismiss the ac-
tion.

*Mr. Lester H. Loble* and *Mr. Hugh Adair,* for Appellant,
submitted a brief.

Citing: 7 C. J., sec. 387; *King* v. *Commonwealth,* 203 Ky.
163, 261 S. W. 1096, 1097; *Lloyd* v. *State,* 98 Tex. Cr. 504, 266
S. W. 785; *McBride* v. *State* (Miss.), 104 South. 454; *Brown*
v. *State,* 166 Ind. 85, 8 Ann. Cas. 1068, 76 N. E. 881.

*Mr. L. A. Foot,* Attorney General, for the State.

## Opinion: PER CURIAM.

Upon motion of respective counsel, this cause was advanced and argument heard this day. Upon the hearing the attorney general confessed error. He informed the court that after having examined the record with care, together with the authorities submitted by counsel for defendant, and after consultation with his assistants and the county attorney, he was compelled to arrive at the conclusion that the conviction of the defendant cannot be sustained.

The defendant was informed against, tried and convicted for the crime of uttering a fraudulent check, under the provisions of section 11369, Revised Codes of 1921. He moved for a new trial, which was denied, whereupon he appealed from the judgment and from the order denying him a new trial. Specifically, the defendant was accused of obtaining from another personal property of the value of $655 by the aid of a check drawn upon a bank with the intent fraudulently and feloniously to defraud the other of the personal property; the defendant then and there knowing that he was not entitled to draw the check on the bank for the sum specified. The sufficiency of the information is not questioned.

The check was given in payment for horses purchased of [1] one John Hurni on July 6, 1925. Hurni gave defendant a bill of sale of the horses at the time he received the check. The check was dated July 10, 1925. Hurni knew that the horses were to be shipped east for sale. It is not contended that any facts were concealed from the complaining witness. Hurni knew that the check was postdated and that the defendant did not, on July 6, have sufficient money in the bank to meet it; and he testified that defendant said he had written a letter to the bank and by the time the check got there it would be all right. There was no misrepresentation of an existing fact. (*State* v. *Bratton,* 56 Mont. 563, 186

Pac. 327.)   The representation was rather in the nature of a future promise.

The state's case rested mainly upon the testimony of the complaining witness,. and, viewed in the light most favorable to the state, we are constrained to agree with the attorney general that the conviction for the offense charged cannot be sustained.   The gist of the action is the intent to defraud. The defendant's contention that there is a lack of evidence to show an intent to defraud on his part at the time the check was given is sustained by the authorities.   (*People* v. *Wilkins,* 67 Cal. App. 758, 228 Pac. 367, and cases cited; *Brown* v. *State,* 66 Ind. 85, 8 Ann. Cas. 1068, 76 N. E. 881.)

It is conceded that the state has no further evidence to offer, and, such being the case, a new trial would be useless.

The judgment and order are reversed, and the cause is remanded to the district court of Lewis and Clark county, with directions to dismiss the action. . *Remittitur* forthwith.

*Reversed.*