[Crim. No. 1412. First Appellate District, Division One.—June 15, 1927.]

In the Matter of the Application of RUSSELL L. GRIFFIN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—VIOLATION OF SECTION 476A, PENAL CODE—FICTITIOUS CHECKS—FALSE PRETENSES—EVIDENCE—HABEAS CORPUS.— In this proceeding in *habeas corpus* to secure release from custody on an information charging violation of section 476a of the Penal Code, relating to issuing bad checks with intent to defraud, evidence taken at the preliminary hearing which showed that petitioner post-dated the check and informed the payee at time of delivery that he had no funds to meet it, and instructed the payee not to present it until advised to do so, which instruction was never given, was insufficient to show probable cause to connect petitioner with the offense charged and fails to show any intent to defraud.

[2] ID.—CHECKS—FRAUD—INTENT—EVIDENCE.—Where the maker of a check, at the time of delivery thereof to the payee, makes known to the latter that he has no funds in bank to meet the payment of the check there is no deception; and the mere fact that the maker fails or is unable to keep his promise to have funds there on or before a given date does not constitute any evidence that at the time of the transaction the check was issued with intent to defraud.

(1) 7 C. J., p. 675, n. 6.    (2) 25 C. J., p. 613, n. 53.

APPLICATION for a Writ of Habeas Corpus to secure release from custody on an information charging a violation of section 476a of the Penal Code. Writ granted; petitioner discharged.

2.  See Cal. Jur. 1926 Supp., p. 803.

The facts are stated in the opinion of the court.

Franklin P. Bull for Petitioner.

Matthew Brady, District Attorney City and County of San Francisco, Arthur W. Jonas, Deputy District Attorney City and County of San Francisco, and R. M. J. Armstrong for Respondent.

TYLER, P. J.—*Habeas corpus.* The petition recites that Russell L. Griffin is imprisoned and restrained of his liberty by the sheriff of the city of San Francisco, by reason of an information being filed against him under which he is charged with the commission of a felony in violating section 476a of the Penal Code, relating to issuing bank checks with intent to defraud. That his confinement is illegal in this, that before the filing of said information he had not been legally committed on the charge by the magistrate for the following reasons: That the undisputed evidence adduced by the people at the preliminary hearing shows: (1) That petitioner did not commit the offense or any offense charged in said information, but, on the contrary, the facts show that no crime had been committed; (2) That no check was ever uttered or delivered by defendant; (3) That the check set out in the information was post-dated and the payee instructed that defendant had no funds in the bank to meet the check and that the same was not to be presented for payment until defendant advised said payee to do so, and which instruction was never given; (4) That the check was never cashed, but was deposited by the payee, Mrs. Thomas Fleming, for collection with the Mercantile Bank, the officers of which told her at the time not to draw against the check as it would take a few days to collect it; (5) That the proof fails to show any intent to defraud. The evidence taken at the preliminary hearing shows petitioner delivered to one Mrs. Thomas Fleming the following instrument in writing:

"The Bank of Palo Alto,	No. 108.
"Palo Alto, Cal. January 28, 1927.
"Pay to the order of Mrs. Thomas Fleming $310.00, Three Hundred ten and 00/100 Dollars.
"R. L. GRIFFITH."

It further shows from the testimony of Mrs. Fleming, the payee named in the check, that the same was post-dated and that petitioner had informed her that he did not have funds in the bank upon which the check was drawn to meet its· payment, but for her to withhold it until such time as he advised her to present it, as he was expecting to receive funds from his father. Notwithstanding these instructions, Mrs. Fleming deposited the check for collection before receiving such advice, at which time she was informed by an officer of the bank not to check against it until the amount was collected by the bank. Contrary to these instructions she drew upon her account for $125. The check given to her by petitioner being returned unpaid, there was insufficient funds in her account to cover the amount she had drawn. An officer of the bank then caused the arrest of petitioner. Mrs. Fleming settled with the bank on her overdraft. Except in this particular no money was ever paid on petitioner's check either to defendant or to anyone else. Mrs. Fleming refused to swear to a complaint against petitioner as she considered she alone was to blame for his predicament in having deposited the check before being advised to do so. [1] Under these circumstances it is manifest that there is an entire lack of evidence or probable cause to connect petitioner with the offense charged, and it utterly fails to show any intent to defraud. [2] Where the maker of a check, at the time of delivery thereof to the payee, makes known to the latter that he has no funds in the bank to meet the payment of the check there is no deception; and the mere fact that the maker fails or is unable to keep his promise to have funds there on or before a given date does not constitute any evidence that at the time of the transaction the check was issued with intent to defraud. (*People* v. *Wilkins*, 67 Cal. App. 758 [228 Pac. 367].)

The application for the writ is not opposed by any representative of the people. The writ is granted and petitioner is discharged from custody.

Knight, J., and Cashin, J., concurred.