[Crim. No. 2798. Third Dist. Nov. 26, 1957.]

THE PEOPLE, Respondent, v. JOSEPH CALVIN WHISENHUNT, Appellant.

Hardin Barry for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—An information was filed against the above named defendant who was charged with a violation of section 476a of the Penal Code (issuing checks without sufficient funds), it being charged that on or about April 20 and 21, 1957, appellant ''did, with intent to cheat and defraud Doyle Motor Co. and the B & B Cocktail Lounge, all of Susanville, California, wilfully, unlawfully, fraudulently and feloniously make, draw, utter and deliver to said establishments, checks . . . , two negotiated on the 20th of April, 1957, to the B & B Cocktail Lounge, for $10.00 each, one dated April 21, 1957, to the B & B Cocktail Lounge, for $20.00, and one dated April 20, 1957, to Doyle Motor Co., for $49.00; all of said checks drawn upon Golden State Bank . . . ; knowing at the time . . . that he had not sufficient funds in or credit with said Bank to meet the said checks and drafts in full upon their said presentation for payment.''

Two of the counts were abandoned at the trial and the jury found the defendant guilty on the remaining two counts relating to the $49 check payable to Doyle Motor Company and a $10 check payable to the B and B Cocktail Lounge dated April 20, 1957. The court denied probation and judgment was pronounced sentencing appellant to the county jail for four months on each count, to run concurrently.

Defendant has appealed from the judgment and makes the following assignments of error:

''1. The evidence is legally insufficient to support the charge against defendant of issuing checks with intent to defraud.

''2. Error in instructing the jury.''

Before discussing these contentions we shall give a brief summary of the evidence, bearing in mind the familiar rule that all conflicts must be resolved in support of the judgment.

On Saturday, April 20, 1957, the appellant purchased an automobile from the Doyle Motor Company by negotiating with one Orval Dieter. The down payment on the car consisted of $100 in cash and a check for $49. The appellant

showed Dieter a bank deposit book which indicated that the appellant's bank account had a balance of $221. Dieter took the check and they engaged in a general conversation for approximately five minutes and then appellant asked Dieter to hold the check until the following Wednesday. Contrary to the testimony of appellant, Dieter testified that the reason given by the appellant for his request that the check be held for several days was that he did not want his wife to know that he had written a check for the purchase of the automobile and that nothing was said to indicate that appellant did not have sufficient funds in the bank to cover the check. Mr. Dieter informed the appellant that he would hold the check and attached a piece of paper to it, indicating that the check should be held until Wednesday. This check was picked up by the Chief of Police of Susanville on the following Monday, April 22, 1957. It was subsequently presented to the bank and duly protested for nonpayment due to insufficiency of funds.

At the time of the issuing of this check, the appellant's deposit book actually showed a balance of $21, although he admitted having issued a check for approximately $21 which would close out the account. He also admitted that he inserted the figure ''2'' in front of the $21 which made it appear that he had a balance of $221 because he expected to realize $200 on the sale of a trailer and he planned to deposit this money the next week, and he wanted to keep himself straight, not to overdraw what would be in there the next week.

On or about the same day that appellant issued the check for $49, he cashed three checks in the B and B Cocktail Lounge. One of these checks, for $10, was cashed by a Mr. Zunino, a partner in the business. Mr. Zunino testified that appellant stated that he needed the money in connection with the purchase of an automobile and he gave no indication to Mr. Zunino that he had insufficient funds in the bank to cover the check, nor did Mr. Zunino remember any request to hold the check for any period of time. This check, together with an additional check for $10 and one for $20 were later picked up by the Chief of Police.

In order to establish a modus operandi the prosecution introduced evidence that appellant cashed other checks on or about April 20, 1957. In all of these instances the evidence shows that the appellant did not inform the payee that there were insufficient funds to cover the check on the day it was

issued or that he intended to make a deposit prior to the time that the checks would be presented to the bank.

The appellant testified at the trial that at the time he cashed these checks he had the intention of making a deposit of approximately $200 prior to the time that the checks in the ordinary course of business would be presented to the bank for payment. His testimony was to the effect that he expected to sell a trailer coach and that a purchaser had already agreed to pay him the sum of $200.

In support of his contention that the evidence is insufficient to support the judgment, appellant argues that the evidence establishes that there was a lack of intent to defraud because when he issued the two checks in question he intended to make a deposit in his account sufficient to cover the amount of the checks prior to the time that the checks could be presented to the bank during the ordinary course of business and also at the time he presented the two checks he informed the payees that there were insufficient funds at the time and asked them to hold the checks for several days in order to permit him to make the necessary deposit. Appellant relies upon the cases of *People* v. *Griffith*, 120 Cal.App.2d 873 [262 P.2d 355], and *People* v. *Wilkins*, 67 Cal.App. 758 [228 P. 367], in which it was held that where the evidence establishes that the drawer informed the payee that there were insufficient funds to cover the check, such fact precludes a finding of guilt upon a charge of violating Penal Code, section 476a.

Respondent does not take issue with these decisions but points out that in the instant case there is sufficient evidence upon which the jury could conclude and obviously did conclude that the statements of the appellant at the time he passed the checks in question were different from those which he related at the trial. The testimony of Mr. Orval Dieter is directly contrary to that of appellant with respect to the conversations which occurred at the time the $49 check was given to him. Mr. Dieter testified that the appellant showed him a deposit book which indicated an account balance of $221, thus indicating to Mr. Dieter that the appellant had at that time sufficient funds in the bank to cover the amount of the check. The appellant did not inform Mr. Dieter that there were insufficient funds in the bank and he did not request Mr. Dieter to hold the check for the purpose of enabling the appellant to make a deposit. On the contrary, according to Mr. Dieter's testimony, the appellant requested that the check not be deposited for several days for the reason

that the appellant did not want his wife to know that he had written a check for the purchase of an automobile.

The appellant in his testimony stated that he had altered the figures on the deposit book by adding the figure "2" in front of the $21. He also admitted that even this amount of $21 was incorrect for the reason that he had issued a check for approximately $20, thus closing out the account or reducing it to less than $1.00.

The essential elements of the offense of a violation of Penal Code, section 476a, consist of the drawing or issuing of a check or draft with knowledge that at the time of such drawing the drawer has insufficient funds in or credit with the bank to meet payment upon presentation and such check is drawn or issued with the intent to defraud the payee or other person.

The earnest and vigorous argument of appellant is but an argument as to the weight of conflicting evidence. Appellant's argument is based upon his own testimony and, as has been so often stated, it is not the function of an appellate court to weigh conflicting evidence. That was the function of the jury and it is evident that the jury reached the conclusion that appellant wrote the checks in question and passed them to the payee knowing that he did not have sufficient funds on deposit in the bank to cover the checks, and without informing the payees of that fact and without requesting that the checks be held for a few days for that reason. The evidence was sufficient to warrant an inference that appellant intended to defraud the payees.

As stated in *People* v. *Yrigoyen,* 45 Cal.2d 46, at page 49 [286 P.2d 1]:

"The evidence is sufficient to show that there were not enough funds in the account when the check in question was issued or presented and that no credit arrangement was made for its payment. It can be inferred that defendant knew the depleted condition of the account, and, under the circumstances, the record supports the implied finding that he issued the check with intent to defraud Mendiboure. (*People* v. *Wallin,* 34 Cal.2d 777, 780 [215 P.2d 1]; *People* v. *Rose,* 9 Cal.App.2d 174, 175-176 [48 P.2d 1009]; see *People* v. *Boyce,* 87 Cal.App.2d 828, 829-830 [197 P.2d 842].)"

Appellant next contends that the court erred in two instructions to the jury. The first of the challenged instructions merely told the jury that they were the sole and exclusive judges of all questions of fact and of the credibility

of witnesses and the weight of the evidence. This was obviously a correct and proper instruction.

The second instruction attacked by appellant reads as follows:

"You are instructed that Section 476a of the Penal Code provides any person who wilfully with intent to defraud, makes, draws, utters, or delivers any check, draft, or order upon any bank for the payment of money, knowing at the time of such making, drawing, uttering, or delivering, that the maker has not sufficient funds in, or credit with said bank or depository for the payment of such check, draft, or order in full upon its presentation, although no express representation is made with reference thereto, is guilty of the offense charged in the information.

"Where such check, draft or order is protested, on the ground of insufficiency of funds, or credit, the notice of protest thereof shall be admissible as proof of presentation, nonpayment and protest and shall be presumptive evidence of knowledge of insufficiency of funds or credit with such bank or depository, or person, or firm, or corporation."

■ Appellant argues that the court erred in giving this instruction, thereby permitting the jury to find the defendant guilty upon facts which established, according to the appellant's version, that he had informed the payees that there were insufficient funds to cover the checks and requested that the checks be held for several days in order to permit him to make a deposit. The appellant bases his argument upon the case of *People* v. *Burnett,* 39 Cal.2d 556 [247 P.2d 828]. There is no similarity between the facts in the cited case and the facts in the present case. In the Burnett case the error committed by the trial court arose in the following manner. The jury, after the case had been submitted to them and during their deliberation, returned to the court room for the purpose of asking the court a question. The following transpired, as set forth at page 559:

". . . The court directed them to deliberate further, but before the jury retired again one of the jurors asked, 'Is intent to defraud, if you give a check with not sufficient funds and at the time that you deliver the check you informed the person to whom you issued that check that there is not sufficient funds? If he demands it, you say, 'Well, I give you the check, but there is not sufficient funds in the bank to cover that check,' is that to be construed as intention to defraud?' The court replied, 'That is a question for the jury

to determine after considering all of the facts and circumstances of the case.' ''

This statement by the trial court in the Burnett case instructed the jury that even though they should find as a fact that the drawer of the check had informed the payee that there were insufficient funds to cover the check, the jury could nevertheless find him guilty of a violation of Penal Code, section 476a. This, of course, was clearly erroneous. There was no such instruction given to the jury in the present case. The instructions referred to by the appellant did not inform the jury that they could find the appellant guilty of the offense charged even though they also found as a fact that he had informed the payees that there were insufficient funds to cover the checks.

There was a conflict in the evidence in the instant case upon the question of whether or not the appellant did in fact inform the payees that there were insufficient funds to cover the checks. The jury was properly instructed that it was their duty to weigh this evidence and to determine which version was correct. The jury was not instructed as contended by the appellant that they could find the appellant guilty even though they also found his version of the facts to be true.

We are therefore of the opinion that there was no error in giving the instructions complained of. In fact, a reading of all of the instructions given to the jury convinces us that the jury was fully, fairly and correctly instructed and that the instructions are free from error.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.