# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1913.

---

### THE STATE v. JAMES J. KELLY.

Submitted July 8, 1912—Decided June 17, 1913.

1. Is a defendant in a criminal case entitled to prevail on a motion for arrest of judgment, when it is based solely upon the ground that the proofs affirmatively show his innocence, *quære*.

2. A warrant of arrest, which is required to be sealed by the magistrate issuing it, is not rendered void by the omission of the seal, but merely irregular; and only the person arrested under it, and not third parties, can take advantage of such irregularity.

3. A warrant of arrest is regular and valid without a seal unless the magistrate issuing it has a seal of office, or unless a seal thereto is required by statute.

4. A peace officer making an arrest, when a hearing cannot be afforded his prisoner at once, has a right, if it be requisite to do so for the safe keeping of such prisoner, to place him in the common jail of the county until a hearing can be arranged for; and when he produces his prisoner at the door of the jail the sheriff, or other keeper thereof, is bound by the statute of the state to receive him into his custody, notwithstanding that no commitment is produced by the officer directing the detention of his prisoner.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff in error, *John J. Fallon* and *Marshall Van Winkle*.

For the state, *Pierre P. Garven,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant in this case was the sheriff of Hudson county, and he was indicted for and convicted of a violation of section 15 of "An act concerning sheriffs" (*Comp. Stat., p.* 4842), which makes it the duty of sheriffs and jailers to receive from constables and other officers all persons who shall be apprehended by such constables or officers for offences against the state; and provides that if any sheriff or jailer refuse to receive any such offenders he shall be adjudged to be guilty of a misdemeanor, and, on conviction, shall be fined in the discretion of the court.

The evidence showed that Judge Carey, one of the judges of the Court of Quarter Sessions of the county of Hudson, issued a warrant for the arrest of one Joseph Silletti, charged with the offence of keeping a disorderly house; that the warrant was signed by the judge, but had no seal attached thereto; that the officer to whom the warrant was delivered for execution arrested Silletti late in the evening and took him to the county jail, reaching there about half-past eleven; that he waited there for the sheriff (who was the custodian of the jail) until his arrival at one o'clock in the morning, and then tendered the warrant and the prisoner to him, and that the sheriff then and there refused to receive the prisoner into the jail, giving as the reason for his refusal that he was under no obligation to receive a prisoner unless a commitment as well as a warrant was produced to him; that notwithstanding the sheriff's refusal to receive Silletti the officer

who had arrested him left him at the jail; and that shortly after the officer's departure Silletti was permitted by the sheriff to leave the precincts thereof and go free.

At the conclusion of the trial, and after the rendition of the verdict, a motion for arrest of judgment was made by counsel for the defendant upon the ground that, on the undisputed facts proved in the case, no violation of the statute by the defendant had been shown; and the refusal of that motion is now assigned for error.

In the case of *Powe* v. *State,* 19 *Vroom* 34, it was held that a lack of sufficient evidence to support the indictment is not a ground of arresting judgment; that, if the defendant desires to raise the question of the insufficiency of the evidence to sustain the charge against him, he must do so by a request to direct an acquittal, or to charge in conformity with the contention. We incline to the view that the same rule prevails even when it is claimed (as in the present case) that the undisputed proofs affirmatively show the innocence of the defendant; but, as an innocent man should not be punished for the failure of his counsel to observe proper rules of procedure, we have considered the questions argued on this assignment as if they were properly presented.

It is first contended that the sheriff was justified in refusing to receive Silletti because the warrant under which he was arrested had no seal attached to it. Assuming that a warrant issued by a magistrate for the arrest of a person charged before him with the commission of a crime should be sealed, as well as signed, by the magistrate, the omission of the seal, we think, does not render the warrant void, but merely irregular (*Regina* v. *Allen,* 17 *L. T.* (*N. S.*) 222); and that only the person arrested, and not third parties, can take advantage of the irregularity.

But the omission of the seal from the warrant in the present case did not, in our opinion, render it even irregular. The writ was issued by Judge Carey sitting as a magistrate under the statute (*Crim. Pro.,* § 16), and not by the Court of Quarter Sessions of which he was a member. The attaching to it, therefore, of the seal of that court would have been

altogether unwarranted, and would have added nothing to its validity. And that this is so is not controverted by counsel, but he argues that in order to render the warrant legal the magistrate should have attached his personal seal to it. A full discussion of this subject will be found in the case of *Starr* v. *United States,* 153 *U. S.* 614, in which Chief Justice Fuller, after reviewing the authorities, reaches the conclusion that there is no settled rule at common law invalidating warrants not under seal, unless the magistrate issuing the warrant have a seal of office, or a seal is required by statute; and that, where neither of these conditions exist, a warrant issued by a magistrate without a seal attached thereto is valid. The reasoning of the opinion fully supports the conclusion reached, and we concur in it.

It is further insisted that the defendant was legally justified in refusing to receive Silletti into the jail because no commitment was produced by the officer in whose custody he was. The theory of counsel seems to be that the sheriff is under no obligation to receive a prisoner who is under arrest until the latter has been first taken before a magistrate, and is committed by that officer to the common jail. But this theory overlooks both the language and the purpose of the statute under which the indictment is framed. An arrest is frequently made at a time when it is impracticable to take the offender immediately before a magistrate for a hearing. It is the duty of the officer making it to see that the person arrested is produced before a magistrate with all reasonable despatch, but he is not required to do so *instanter*. A peace officer is authorized and required to arrest without a warrant one who has committed a felony or other serious criminal offence in his presence, and to keep him safe until a hearing may be had before a magistrate. It would be strange, indeed, if the law imposed this duty upon him and yet afforded him no place in which to have his prisoner temporarily confined until such hearing could be secured. The contrary is the fact. Where the hearing cannot be had at once the arresting officer has a right, if it be requisite to do so for the safe keeping of the prisoner, to place him in the county prison,

or other place of temporary confinement, until such hearing can be arranged for. *Whart. Cr. L.,* § 2977. The fifteenth section of our Sheriff's act is a legislative recognition of this right, and gives the sheriff, or other keeper of the common jail of the county, no option when the officer produces his prisoner at the door of the jail, but compels him to receive the prisoner into his custody, and provides a penalty for his refusal to do so. And this obligation on the part of the sheriff exists in every case where the arrest has been legally made, whether with or without a warrant. The refusal of the sheriff in the present case to receive Silletti into his custody because no commitment was produced to him was, on the undisputed testimony in the case, without legal justification, and the attack upon his conviction, based upon this ground, must fail.

It is further urged, as a reason for setting aside the conviction, that the indictment against the defendant was found by a grand jury not legally constituted, and was, therefore, null and void. The ground of this contention is the same as that presented in the case of *State* v. *Zeller,* 54 *Vroom* 666, namely, that the *venire* for the grand jury was issued to elisors appointed by the court, instead of to the sheriff (the present defendant), or, if he was disqualified, then to one of the coroners of the county. The decision of the Court of Errors and Appeals in that case was that the indictment was not open to successful attack upon this ground, and that decision is, of course, controlling upon this court.

No other ground of reversal having been set up by the defendant the conviction under review must be affirmed.