[Crim. No. 385.   Third Appellate District.—April 24, 1917.]

THE PEOPLE, Respondent, v. A. H. WILBUR, Appellant.

CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—DEMURRER.—A motion in arrest of judgment challenges the sufficiency of the indictment or information to state a public offense, and the office of such a motion is neither more nor less than that of a demurrer.

ID.—DRAWING OF CHECK—INTENT TO DEFRAUD—SUFFICIENCY OF INFORMATION.—An information charging the offense defined by section 476a of the Penal Code, sufficiently states a public offense, where it is alleged, among other things, that the defendant wrote a check payable to himself, and delivered it to a third person with intent to defraud him, notwithstanding the check was not indorsed by the defendant.

ID.—GIST OF OFFENSE—FRAUDULENT INTENT.—The gist of such an offense is in the fraudulent intent with which the check is drawn and delivered, and knowledge by the drawer and deliverer, at the time of such drawing and delivery, that he was then without assets of any kind or character in the bank upon which it was drawn to satisfy or meet it.

APPEAL from a judgment of the Superior Court of Humboldt County.   George D. Murray, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—By an information duly filed, the district attorney of Humboldt County charged the defendant with the crime of drawing a bank check without funds in bank,

as follows: That the said defendant did, on the thirty-first day of October, 1916, at and in the county of Humboldt, "willfully, unlawfully, feloniously, fraudulently, knowingly and with intent to defraud H. A. King, make, draw, utter and deliver to H. A. King a certain check and draft upon a certain bank, banker and depositary, to wit: The First National Bank of Eureka, a banking corporation duly organized for the purpose of doing a banking business under and by virtue of the laws of the United States of America and doing business in the said County of Humboldt, that said check and draft was then and there for the payment of money and was then and there in the words and figures following, to wit:

" 'Eureka, Cal., October 31, 1916.
" 'THE FIRST NATIONAL BANK (90–147)
" 'of Eureka

" 'PAY to A. H. Wilbur      or Order      $35.00
" 'Thirty five dollars      DOLLARS
" ' (Signed)   A. H. Wilbur.'

that he the said defendant had not then and there sufficient funds in or credit with the said The First National Bank of Eureka a banking corporation as aforesaid to meet said check and draft in full upon its presentation as he the said defendant then and there well knew, contrary to the form, force and effect of the statute," etc.

The defendant, upon his arraignment upon said information on the tenth day of November, 1916, entered a plea of guilty thereto, and "waived the statutory time for the pronouncing of judgment herein," whereupon the court postponed the pronouncing of judgment to the following day, November 11, 1916, at 9:30 A. M.

On the last-named date, the cause having been called for the pronouncing of judgment, the attorney for the accused filed and pressed a motion in arrest of judgment. The motion was based upon a number of grounds, among which were the following: 1. That the facts stated do not constitute a public offense; 2. That the information does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code; 3. That the said information contains matters which, if true, would constitute a legal justification or excuse of the offense charged. (Pen. Code, secs. 1004, 1185.)

The motion was disallowed and judgment of imprisonment thereupon pronounced.

This appeal is by the defendant from said judgment.

The point upon which the defendant relies for a reversal of the judgment is that the check, as delivered to King, having been drawn by the defendant and made payable to himself or order, and not having been indorsed on the back thereof by the latter, was worthless in the hands of King; that is to say, since the check, as drawn, did not bear upon its back the indorsement of the defendant, King could not have succeeded in passing or cashing the check or securing payment thereof. It is argued that the check, never having been legally *transferred* to King, amounted to nothing more than a piece of waste paper, that it was worthless for any purpose, and of the mere act of delivering the paper to King no charge or crime could be predicated and sustained.

We cannot agree to that contention.

A motion in arrest of judgment challenges the sufficiency of the indictment or information to state a public offense. The office of such a motion is neither more nor less than that of a demurrer. It is practically a demurrer interposed to an accusatory pleading after conviction. Necessarily, then, the question the solution of which is here submitted to us is whether the facts stated in the information constitute a public offense.

The charge laid in the information is founded on section 476a of the Penal Code, which provides: ''Every person who, willfully, with intent to defraud, makes or draws, or utters, or delivers to another person, any check or draft on a bank, banker or depositary for the payment of money, knowing at the time of such making, drawing, uttering or delivery, that he has not sufficient funds in, or credit with, such bank, banker or depositary, to meet such check or draft in full upon its presentation, is punishable by imprisonment in the county jail for not more than one year or in the state prison for not more than fourteen years. The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank or depositary for the payment of such check or draft.''

The elaborate discussion in the briefs, *pro* and *con,* upon the question whether there may be a legal transfer of a check by delivery under a parol or verbal agreement, or, in other

33 Cal. App.—33

words, without a written agreement or indorsement, is of no consequence in the decision of the point made by the defendant. The element of intent which enters into the commission of the acts constituting, with such intent, the crime charged— that is, the expression, "intent to defraud," can hardly be said to mean an intent to defraud the bank, but refers (as the information here alleges) to an intent to defraud the person to whom the check is delivered, for, quite obviously, there could be but little if any chance or opportunity for defrauding the bank in such case, since, if the drawer had no assets therein or credit therewith sufficient to satisfy the draft, the bank could and would promptly repudiate and dishonor the check. And the fact that the check may be "a worthless piece of paper" in the hands of the person to whom it was delivered, because it has not been properly indorsed, does not enter as an element into the crime defined by the section upon which the information is based. The check in this case, even if indorsed by the defendant, could be no less a "worthless piece of paper," if, at the time of its presentation for payment, the drawer had no money in or credit with the bank sufficient to satisfy it. We can, therefore, conceive of no reason for saying that it is material or necessary to the statement or consummation of the offense to show or prove that the check or draft so drawn and delivered is in such form as would make it legally binding upon the bank to pay it upon presentation, if the drawer then had adequate funds in, or credit with, the bank to satisfy it.

To ascertain what are the essentials or elements constituting a crime, we must look to the statute itself defining the crime, and thus guided in this case, we find that the gist of the offense charged in the information is in the fraudulent intent with which the check or draft is drawn and delivered and knowledge by the drawer and deliverer, at the time of such drawing and delivery, that he was then without assets of any kind or character in the bank upon which it was drawn to satisfy or meet it. Hence, all that need be pleaded or proved to show or establish the fact of the commission of the offense denounced in said section is that, with intent to defraud, a party has made and drawn a check or draft upon some bank for the payment of money and delivered the same to another, knowing at the time such check was made, drawn, and delivered that he has not sufficient funds in, or credit

with, such bank to meet such check or draft in full upon its presentation.

The information in this case, as will be observed from an examination of it, follows, substantially, the language of the section under which it was drawn, and, among other things, directly charges that the defendant delivered the check to one H. A. King with intent to defraud him. Thus the offense defined by said section is clearly and concisely stated, and this is all that is required to render the information impregnable against successful attack, in whatever form the attack may or might be made, upon the ground that it does not state a public offense. And, we may add, the information is equally unobjectionable as against any other ground of demurrer ·or of a motion in arrest of judgment.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.