[Crim. No. 717. Third Appellate District.—September 12, 1923.]

THE PEOPLE, Respondent, v. F. J. KING, Appellant.

[1] CRIMINAL LAW — UTTERING AND DELIVERING CHECK — INSUFFI-CIENT FUNDS OR CREDIT—VERDICT—EVIDENCE.—In this prosecution for drawing, uttering, and delivering a check without sufficient funds on deposit or credit with the bank on which the check was drawn, where no brief on appeal was filed for or on behalf of the defendant and he was not present or represented at the time the case was called for oral argument, after an examination of the record no reason is discovered why the judgment of conviction and the order denying defendant's motion for a new trial should not be sustained.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Stanley Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HART, J.—The defendant was by information filed in the superior court of Sacramento County charged with the crime of drawing, uttering, and delivering to the Zemansky Brothers, a partnership doing business in the city of Sacramento, a check for the sum of $1,450 on the First National Bank of Yuba City in Sutter County, knowing that he (said defendant) did not at that time have sufficient funds on deposit or credit with said bank to meet or satisfy said check, the information alleging that said check was issued and so delivered by said defendant with the intent to defraud said Zemansky Brothers. (Sec. 476a, Pen. Code.)

---

1. Mere drawing of check on bank in which drawer has no funds or credit, and passing same, as false pretense, notes, 8 Ann. Cas. 1069; 14 Ann. Cas. 510; Ann. Cas. 1916E, 736; 17 L. R. A. (N. S.) 244; 27 L. R. A. (N. S.) 1032; 52 L. R. A. (N. S.) 919.

The defendant was convicted of the crime as charged and prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial.

The appeal was regularly placed upon the calendar of the September term of this court for hearing and the defendant regularly notified by the clerk of this court of that fact. No brief has been filed for or on behalf of the defendant and he was not present or represented at the time the case was called for oral argument. On motion of the attorney-general the case was submitted upon the record. [1] We have examined the record with care and have discovered no reason why the judgment and the order appealed from should not be sustained. The evidence shows that the check referred to was delivered by the defendant to the Zemansky Brothers as in payment for a diamond ring; that the defendant neither at the time the check was issued and so delivered (the twelfth day of February, 1923) nor within the period of six months prior or within a period of two months subsequent thereto had money on deposit in said bank with which said check could have been paid or any credit therewith or any agreement whereby the bank was to protect and take care of any checks he might thereupon draw. Indeed, the defendant himself admitted that he drew and delivered the check to the Zemansky Brothers and that neither then nor at any other time did he have any money in the bank or any arrangement or understanding with the officers thereof that they would cash any check that he might draw on said bank. He stated, however, that he had sufficient money due him from other people which he intended to deposit in the bank on the day following that upon which he issued the check. He testified that on the evening of the day upon which he delivered the check to the Zemansky Brothers he suffered a nervous breakdown and that as a result thereof he became mentally so aberrated that he did not realize any acts that he did or movements that he made until several days thereafter, when, upon the restoration of his normal mental condition, he found himself in the town of Calexico, in Imperial County, near the Mexican line.

Manifestly, the only issue in the case was whether at the time he drew the check upon a bank in which he did not have sufficient funds out of which the check might be cashed or credit or agreement with the bank which would stand

for the same purpose, with the intention of defrauding the Zemansky Brothers, and, therefore, the fact, if it was a fact, that he had money coming to him in a sufficient amount to satisfy the check and that he intended to deposit the same in the bank upon which he drew the check would be no defense to the crime charged and his testimony as to that matter was wholly irrelevant and immaterial to the issue. And even if it were true that his failure to deposit sufficient money in the bank to satisfy the check after the same had been issued and delivered by him was due to his mental derangement by reason of his asserted nervous collapse and that fact would constitute a defense to the charge preferred against him (and we do not say that it would be a defense), it would still be for the jury to determine whether his story regarding his asserted nervous breakdown and its effect upon his mentality was true or untrue and the verdict of the jury, of course, stands as irrefragable evidence that the jury disbelieved and repudiated said story.

No exceptions are recorded against any of the court's rulings as to the admissibility of the evidence. In fact, if the court made any error at all in this particular it was in the interest of the defendant, much greater latitude having been given him by the court and the district attorney in the presentation of his defense than he was entitled to, and this for the reason that, although not a lawyer, he conducted and insisted on conducting his own case. The charge of the court covered every principle of law applicable to the case and is free from error.

The judgment and the order are affirmed.

Finch, P. J., concurred.