[Crim. No. 1423. First Appellate District, Division One.—August 19, 1927.]

In the Matter of H. W. SCOTT on Habeas Corpus.

Frank P. Webster for Petitioner.

Matthew Brady, District Attorney, and Peter J. Mullins, Deputy District Attorney, for Respondent.

R. M. J. Armstrong for Sheriff.

TYLER, P. J.—*Habeas corpus.* Petitioner alleges that he has been held to answer, after an examination in the police court of the city and county of San Francisco, without reasonable or probable cause, of violating section 476a of the Penal Code, relating to the crime of issuing a bank check with intent to defraud. It appears from the transcript of the proceeding had before that court that petitioner at some time, the exact date not being shown, gave a check to the "White House," a mercantile establishment located in San Francisco, a post-dated check upon a particular bank for the sum of $26.50. The check was dated July 18, 1927. After receiving the same the cashier of the establishment altered its date to June 18, 1927, but the record is silent as to whether such alteration was made in the presence of petitioner, or with or without his consent. It further appears that on the eighteenth day of June, 1927, the day the check was apparently made and delivered, the defendant had on deposit with the bank upon which it was drawn a balance of $57.10. The check, after passing through the clearance house, reached the bank about June 21, 1927, at which time petitioner had reduced this balance by withdrawals to the sum of $4. Without discussing the effect of the act of the cashier of the establishment in altering the check in the manner indicated, it seems clear to us that there was no reasonable or probable cause in holding petitioner to answer. Section 476a of the Penal Code provides in substance that every person who wilfully, with intent to defraud, makes or draws or utters or delivers to another person

any check or draft upon a bank, knowing at the time of such making or uttering that he has not sufficient funds in or credit with such bank to meet such check or draft in full upon its presentation, is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than fourteen years. ■ The gist of the offense denounced by the state is the fraudulent intent with which a check or draft is drawn and delivered, and knowledge by the drawer at the time of such drawing and delivery that he has not sufficient funds in or credit with such bank to meet such check or draft in full upon its presentation. (*People* v. *Wilbur*, 33 Cal. App. 511 [165 Pac. 729].) It is essential, therefor, that there should be on the part of one giving a check both present knowledge of the insufficiency of funds and absence of credit with the bank to meet the check or draft in full upon its presentation and an intent to defraud. (*People* v. *Bercovitz*, 163 Cal. 636 [43 L. R. A. (N. S.) 667, 126 Pac. 479].) ■ That petitioner had sufficient funds on June 18, 1927, the date when the check was presumably made and delivered, there is no question, for an officer of the bank testified that on that day there were sufficient funds to meet its payment. The check, however, was post-dated July 18, 1927, and the record does not show that it was not accepted in the manner drawn in payment for the merchandise purchase. Whether or not on that day there would or would not have been sufficient funds to meet it we have no means of knowing, for petitioner was arrested and held to answer prior to such date. He had an account with the bank and could have made provision for the payment of the check. Under the circumstances he does not come within the purview of the statute.

The writ is granted and the prisoner is discharged.

Cashin, J., and Knight, J., concurred.