PEOPLE OF PUERTO RICO, Plaintiff and Appellant, v. DESIDERIO RIVERA OQUENDO, Defendant and Appellee.

No. 4797. Argued December 6, 1933.—Decided January 31, 1934.

*R. A. Gómez* for appellant. *R. Martínez Nadal* and *E. Martínez Rivera* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

In an information brought against Desiderio Rivera Oquendo for voluntary manslaughter, the prosecuting attorney alleges that the said Desiderio Rivera Oquendo, on or about December 14, 1930, and in the ward of Pellejas, of Adjuntas, which forms part of the judicial district of Ponce, Puerto Rico, did unlawfully, wilfully, and intentionally, upon sudden quarrel or heat of passion, attack and assault with a machete, a deadly weapon, Miguel Rivera Oquendo, a human being, inflicting upon him various wounds which caused his instant death.

Upon being tried by a jury in the District Court of Ponce, the defendant was convicted of the crime charged against him. On the day set by the court for pronouncing sentence, the said defendant filed a motion in arrest of judgment, and prayed for the setting aside of the verdict, his acquittal, and the dismissal and filing away of the case. The prosecuting attorney opposed the defendant's motion, which the court sustained, holding that the verdict of the jury was contrary to the law and the evidence, setting aside said verdict and directing the dismissal and filing away of the case, the acquittal of the defendant, and the cancellation of the bond. The People of Puerto Rico appealed from this order, and in support of its appeal it urges that the lower court erred in setting aside the verdict on the ground that it was contrary to the law and the evidence, and in ordering the dismissal and filing away of the case, the acquittal of the defendant, and the cancellation of the bond.

After the case was brought before this court, the hearing of the appeal was held without the filing of any brief

by the defendant. This court expressed its doubts as to the propriety of a motion in arrest of judgment and as to whether the action of the lower court in ordering the dismissal of the prosecution would prevent further action therein, and set a date for a new hearing, giving both parties an opportunity to file briefs.

The *Fiscal* maintains that the lower court acted without authority in sustaining the motion in arrest of judgment. The defendant asserts a contrary view. A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant, on a plea of a former conviction or acquittal. Section 305, Code of Criminal Procedure; section 1185, Penal Code of California. A motion in arrest of judgment must be based only on the grounds enumerated in section 153 of the Code of Criminal Procedure; that is, on any of the defects mentioned in the said section, that may appear on the face of the information, unless the objection has been waived by the defendant's failure to demur to the information in time. A motion based on any other ground, not specified in the statute, must be denied. Section 305 of the Code of Criminal Procedure, equivalent to section 1185 of the California Code, reads as follows:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant, on a plea of a former conviction or acquittal. It may be founded on any of the defects in the information mentioned in section 153, unless the objection has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment."

Section 153, equivalent to section 1004 of the California Code, reads as follows:

"The defendant may demur to the information, when it appears upon the face thereof, either:

"1. That it does not substantially conform to the requirement of sections 71, 72, and 73;

"2. More than one offense is charged;

"3. That the facts stated do not constitute a public offense;

"4. That it contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the prosecution."

In the instant case, the defendant did not base his motion on defects appearing in the information. It is alleged in the motion that the verdict of the jury was contrary to the evidence introduced at the trial, and that the defendant established his innocence by an absolute preponderance of the evidence, in spite of which, the jury, capriciously and arbitrarily and surely acting upon mental speculations outside of the evidence, found the defendant guilty without any evidence to support the verdict. The evidence, in the opinion of the defendant, clearly showed that he killed Miguel Rivera Oquendo in defense of his person, of his home, and of his sister, Aurelia Rivera.

The objection that the verdict is contrary to the evidence or is based on insufficient evidence can not be urged in arrest of judgment. 16 C.J. 1255.

In the case of *People* v. *Cully*, 167 App. Div. 333, the court expressed itself as follows:

"To this information the defendant plead not guilty. He was tried and convicted and thereafter a motion in arrest of judgment was granted. The district attorney states that the purpose of the appeal is to procure an adjudication that will serve to determine definitely the proper practice and procedure respecting motions in arrest of judgment to be pursued by the Court of Special Sessions. He states that the learned court appears to be under the impression that it is proper to 'arrest judgment' when the court is in doubt whether the facts proved upon the trial are sufficient to make out the offense charged in the information.

"Before the adoption of the Code of Criminal Procedure it was held in *People* v. *Thompson* (41 N. Y. 1) that a motion in arrest of judgment could only be based upon some defect in the record, and not upon any mistake of the court upon the trial, or of the jury in giving their verdict, and that the testimony constitutes no part of the record. (See, also, *People* v. *Allen*, 43 N. Y. 28.)

"In *Jacobowsky* v. *People* (6 Hun, 524) Daniels, J., whose opinion was adopted by the Court of Appeals (64 N. Y. 659), said: 'It is insisted that the judgment in this case should have been arrested, because the proof on the trial did not show that the house charged to have been disorderly was situated in the Seventeenth ward of the city of New York, as it was alleged to be by the indictment. This position is very clearly untenable, because motions in arrest of judgment are not supported by mere defects of evidence. They are made upon supposed defects in the record itself, of which the evidence given upon the trial forms no part.''

The court went on to cite other decisions in support of this same doctrine, and concluded by saying that although the lower court had jurisdiction in the matter, and although the facts recited in the information constituted a crime, the court acted without authority in ordering the arrest of judgment.

In the case of *State* v. *Shappy*, 65 Atl. 78, decided by the Supreme Court of Vermont, it was held that the court could not, on a motion in arrest of judgment, consider whether the evidence was or was not sufficient to sustain the verdict.

In the case of *U. S.* v. *Marrin*, 159 Fed. 768, it was decided that a motion in arrest of judgment can not prevail when recourse to the evidence must be had to sustain the grounds on which said motion is founded. The court declared that the evidence forms no part of the record for the purpose of deciding a motion of this character, and that only the record and the information can be considered.

See also *State* v. *Kelly*, 87 Atl. 128; *State* v. *Young*, 132 N.W. 813; *State* v. *Pellerin*, 118 La. 547, 43 So. 159.

The jurisprudence of California is abundant in the sense that a motion in arrest of judgment is proper only when some of the defects mentioned in the statute appear on the face of the information.

In the case of *People* v. *Indian Peter*, 48 Cal. 251, the court expressed itself as follows:

"It is settled here, that the only grounds upon which a motion in arrest of judgment can be supported are those which are enumerated

in the statute; that is, upon certain defects appearing in the indictment upon which the verdict is found."

*People* v. *Dick,* 37 Cal. 277; *People* v. *Sansome,* 98 Cal. 235; *People* v. *Fair,* 43 Cal. 137; *People* v. *McCarty,* 48 Cal. 557; *People* v. *Johnson,* 71 Cal. 384; *People* v. *McConnell,* 82 Cal. 620; *People* v. *O'Leary,* 77 Cal. 30.

In *People* v. *Wilbur,* 165 Pac. 729, the same California court said:

" . . . A motion in arrest of judgment challenges the sufficiency of the indictment or information to state a public offense. The office of such a motion is neither more nor less than that of a demurrer. It is practically a demurrer interposed to an accusatory pleading after conviction. Necessarily, then, the question the solution of which is here submitted to us is whether the facts stated in the information constitute a public offense."

In the light of the established jurisprudence, there is no doubt that in the instant case the motion in arrest of judgment filed by the defendant was not proper. The lower court had no authority to make the order appealed from, because the defendant's motion does not assign any defect in the information that could serve as ground for sustaining said motion in accordance with law.

As to whether or not the order of the lower court is a bar to future action in the case, the *Fiscal* argues that this is not a question to be decided in the present appeal, and that it should wait until the defendant himself raises it at the proper time. The *Fiscal* also maintains that the order appealed from is wholly void and not merely erroneous, and in support of his conclusion he cites the case of *People* v. *Stoll,* 143 Cal. 689. The Penal Code of California provides that if, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. According to this provision, the court may advise, but not order an acquittal. In *People* v. *Stoll, supra,* the court, instead of advising an acquittal, directed the jury to bring in a verdict of not guilty,

and did this immediately after the prosecuting attorney had made an opening statement to the jury on the facts that he expected to prove. The court based its order on the statement of those facts and the admission thereof by the defendant. From the opinion of the court in said case we transcribe the following:

"The defendant was charged with murder, pleaded not guilty, and thereafter, the case coming on for trial, a jury was duly impaneled and sworn to try the cause.

"Thereupon the district attorney made an opening statement to the jury of what the people expected to prove, at the conclusion of which the attorney for the defendant moved the court upon such opening statement to instruct the jury to acquit the defendant. After some discussion between counsel and the court, the court instructed the jury as follows: 'Gentlemen, on the admitted facts in this case, as stated to you by the district attorney, and admitted by the counsel for the defendant, you have heard the discussion that has taken place here by counsel and the court, and I direct you to find a verdict for the defendant, for the reason, in my opinion, under the facts of the case as admitted, the homicide admitted to have taken place was justifiable.' "

The opinion of the California court ended with the following paragraph:

"Counsel for respondent, treating the direction of the court to acquit at most merely erroneous, devotes his brief almost exclusively to the proposition that the order should be affirmed because the defendant had been once in jeopardy, and a reversal here would effect no substantial purpose. We have discussed this matter of jeopardy to some extent earlier in this opinion. We have referred to a few of the cases on the point, and there are others in the same line. In all these cases, however, there was, in fact, a trial and testimony presented to the jury. Upon the submission of that testimony and the close of the case for the people, the court erroneously instructed the jury to acquit. But this was error committed in the exercise of its jurisdiction. In the case at bar, however, the direction of the court was not only erroneous, it was absolutely void, which, together with the fact that the void order was made at defendant's application, may put a different phase on the claim of jeopardy now insisted on. We do not think there is any pressing necessity for

a disposition of that point now. The right to interpose a plea of once in jeopardy is a personal privilege, of which a defendant may, or may not, avail himself. Upon this case being called for trial again the defendant may not interpose it. He may be satisfied to rely upon a trial on the merits. Be that as it may, it will be sufficient time to dispose of it when he has interposed it in the lower court, and any action which is had upon it there comes before us for review. The proposition which we now wish particularly to declare is, that a court can never advise a jury upon the opening statement of the prosecution to acquit a defendant; that this can only be done at the close of the case of the prosecution, upon evidence actually submitted to the jury, in the usual and recognized method.

''As to the order directing the jury to acquit, it is reversed, and the cause remanded to the lower court for trial.''

In the course of its opinion, the Supreme Court of California declared that if the instruction directing the jury to acquit had been given after the close of the evidence on either side, it would have been merely erroneous; but it held that said direction was void because it was made without authority before any evidence whatever had been offered and immediately after the district attorney had made his opening statement.

The *Fiscal* argues that there can be no jeopardy when a void act is involved; and he also holds the view that this question should be reserved for decision when it is duly raised by the defendant at the proper time.

In the case decided by the Supreme Court of California, Justices Angellotti and Van Dyke delivered two dissenting opinions and Justice Beatty a concurring opinion. Justice Angellotti admitted that the court erred in directing the acquittal of the defendant immediately after the opening statement by the prosecuting attorney, but stated that it could not be concluded that the verdict rendered in favor of the defendant was absolutely void, and he believed that unless such conclusion were established, the order of the court should not be set aside. The said Justice further said, among

other things, that the jury certainly brought in a verdict of not guilty, and that this verdict for the defendant, in so far as it had not been annulled on his own application, irrespective of the errors of the court and of the consent or application of the defendant, in regard to its rendition, constituted a bar to a new information. Justice Van Dyke was of the opinion that as all the essential facts in support of the information had been submitted to the lower court, and as said court considered that such facts did not justify a conviction, it could have advised the jury to acquit the defendant. However, the court committed the error of ordering said acquittal, and it was useless, in the opinion of Justice Van Dyke, to remand the case for a new trial, because the verdict rendered prevented the defendant from being again tried for the same offense.

The divergence of opinion between the dissenting justices and the majority of the court lay in the fact that the majority considered that the order of the court a quo was absolutely void, while Justice Van Dyke judged it to be simply erroneous, and Justice Angellotti deemed that the verdict of the jury did not constitute an absolute nullity.

It is clear, we believe, that the lower court exceeded its powers in making the order appealed from by the district attorney. It is true that the court, after a motion in arrest of judgment is sustained, must discharge the defendant, if he is in confinement, or cancel his bond, if sufficient evidence to charge him with any crime does not appear; but this may be done when the motion of the defendant is founded on defects in the information, and the court, after deciding the motion, is convinced of the uselessness of a new prosecution in view of the want of sufficient evidence to charge him with the commission of a crime. In other words, the motion of the defendant cannot be founded on the insufficiency of the evidence, nor can the court decide it by taking said insufficiency into account; but if the defendant assigns defects in the information which bring about a decision in his favor,

the court may then resort to the evidence for the purpose of determining whether or not there is sufficient evidence to institute a new prosecution. The court, in deciding a motion of this kind, has no authority to weigh the evidence, as that is a function reserved exclusively for the jury. The information is the bridge over which the court necessarily has to pass so that it may, after the arrest of judgment, order the discharge of the defendant if there does not appear from the record sufficient evidence for charging him with a crime. In the instant case the court had no occasion to examine the evidence, since the defendant's motion is not based on any defect in the information, which, it may be said in passing, fulfills all the requirements demanded by law for charging the offense of voluntary manslaughter. Besides, the order of the court was made on application of the defendant, who moved that judgment be arrested, the verdict set aside, and the case against him dismissed and filed away. The court annulled the verdict as being contrary to the evidence and ordered the acquittal of the defendant without any authority whatever to enter into the weighing of the evidence in deciding a motion in arrest of judgment.

The defendant could have moved the court for a directed verdict, at the end of the evidence, or for the granting of a new trial, after the verdict was rendered. He did not do so, but preferred to file this motion in which he alleges that the evidence offered on the trial showed clearly that he killed Miguel Rivera Oquendo in defense of his person, of his home, and of his sister, Aurelia Rivera. These questions can not be decided on a motion of this character, especially when the defendant is not without a remedy enabling him to raise them.

In the case of *People* v. *Méndez,* 40 P.R.R. 727, cited by the lower court in support of its decision, an appeal was taken from the judgment rendered, and this court reversed said judgment as it believed that the defendant acted in defense of his home and that the homicide he committed was justified. The fact that in said case the appellant attributed

to the lower court the error of failing to set aside the verdict and that this court annulled the verdict and reversed the judgment, does not change the nature of the appeal taken, which was an appeal from a judgment and not from an order arresting judgment, as happens in the instant case. In the opinion delivered in the cited case, it is not said that the lower court had authority to annul a verdict for insufficiency of the evidence through an order arresting judgment made on application of the defendant.

The defendant states that if, as the *Fiscal* argues, the provisional stay of proceedings or arrest of judgment in a criminal case can be requested on the sole ground that the information does not fulfill the requirements of section 153 of the Code of Criminal Procedure, then the judgment of acquittal is not appealable, because it was rendered on a motion that was not founded on any of the defects mentioned. Certainly, the defendant assigned no defect in the information but moved for arrest of judgment, the annullment of the verdict, and his acquittal, in a motion that led the court to commit the error of making an order arresting judgment. This motion is known in American legal phraseology as *arrest of judgment*. The defendant's application is of this character and has been presented with that idea. The court could deny it or sustain it. It chose the latter course, and the prosecuting attorney took the present appeal under subdivision 4, section 348, of the Code of Criminal Procedure, according to which an appeal may be taken from an order arresting judgment. It is undeniable that the lower court made an order in arrest of judgment and that this order was made on application of the defendant. We believe that said order is appealable.

The order appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.