[Crim. No. 2459.  Second Appellate District, Division One.—March 14, 1934.]

THE PEOPLE, Respondent, v. JERRY BECKER, Appellant.

Chauncey G. Kolts and Arthur E. Schifferman for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of "issuing bank check, with intent to defraud", as denounced by the provisions of section 476a of the Penal Code, as well as from an order by which his motion for a new trial was denied.

Essentially, the facts upon which the conviction of defendant depended were that on a certain Saturday afternoon, in payment of the price of a watch which he had purchased, defendant issued a check on a bank in which he had neither funds, an account, nor credit. In his defense, in effect, defendant testified that prior to issuing the check he had made an arrangement with a Mrs. Zoll, from whom he was to obtain a specified sum of money largely in excess of the amount of the check in question, and that with such money he had intended to open an account with the bank on the following Monday;—which would be the first business day after the check was issued. In attempted corroboration of the testimony of defendant in that regard, the transcript of the proceedings at the trial of the action discloses that defendant introduced Mrs. Zoll as a witness in his behalf, and that after certain preliminary questions had been answered by her, the following occurred:

"Q. (by Mr. Kolts, attorney representing defendant): Did you have any business dealings with him (defendant) at that time? A. Well, we had— Mr. Sullivan (Deputy District Attorney): Objected to as immaterial. Mr. Kolts: At this time we offer to prove by this witness that she had money to give to the defendant on the following Monday morning, which she stated to the officer at the time of his arrest, which would certainly negative any intent on his part to defraud the bank. . . . The Court: The objection will be sustained. Mr. Kolts: Q. I call your attention to paragraph 1 of the information, where it says 'With intent then and there to cheat and defraud J. W. Robinson Company, a corporation', and so forth, and the bank. Mr. Sullivan: The matter of intent is manifested when the check is written. Mr. Kolts: Mrs. Zoll, did you have any money belonging to John Peterson (defendant) at that time? Mr. Sullivan: Objected to as immaterial. The Court: Sustained. Mr. Kolts: Mrs. Zoll, were you going to open a bank account for John Peterson (defendant) the following Monday

morning, at the Citizens National Trust & Savings Bank, Third and Broadway? Mr. Sullivan: Objected to as immaterial. The Court: Sustained. Mr. Kolts: Q. Did you owe the defendant any money at that time, that you had promised to repay him at that time? Mr. Sullivan: That is objected to as immaterial. The Court: Sustained. Mr. Kolts: Q. On the 5th day of August, this year, did you tell the defendant, or the 4th day of August of this year, did you tell the defendant you would deposit funds to his credit the following Monday morning? Mr. Sullivan: That is objected to as immaterial, hearsay and self serving. The Court: Well, it would not be hearsay, but it is immaterial. Sustained. Mr. Kolts: I ask this line of questions for this reason: The evidence by the prosecution's own witnesses showed that this check was presented after the close of the banking hours on Saturday, at which time it would have been impossible for the defendant to make a deposit in the bank until the following business day; I offer this evidence to show that on the following business day and the first time that the check could have been presented to the bank for payment, there would have been funds in the bank to cover the amount of the check, and it most certainly goes toward the intent of the defendant, as to whether or not he intended to defraud the bank or the J. W. Robinson Company; . . . ''

It is urged by appellant that prejudicial error was committed by the trial court in sustaining objections interposed by the People to each of the said several questions propounded to said witness, as well as in refusing to permit defendant to introduce evidence in support of his said several offers of ''proof''.

██  The pertinent language of section 476a of the Penal Code, which is the statute by which the prosecution of defendant is authorized, is as follows:

''Any person who . . . with intent to defraud, makes or draws or utters or delivers any check . . . upon any bank . . . for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer . . . has not sufficient funds in, or credit with said bank . . . for the payment of such check . . . in full upon its presentation, although no express representation is made with reference thereto, is punishable,'' etc.

It thus appears that the "intent to defraud" is an essential element of the crime. It is the "gist of the offense". (*People* v. *Bullock*, 123 Cal. App. 299 [11 Pac. (2d) 441]; *People* v. *Wilbur*, 33 Cal. App. 511, 514 [165 Pac. 729]; *People* v. *Wilkins*, 67 Cal. App. 758 [228 Pac. 367].) So considered, no presumption of law will suffice for its proof. To the contrary, it must be and is the subject of evidence in the same manner, to the same extent, and depending upon the same general rules of procedure as does any other necessary fact in the case (*People* v. *Landman*, 103 Cal. 577, 580 [37 Pac. 518]; *People* v. *Johnson*, 106 Cal. 289, 295 [39 Pac. 622]); that is to say, that whenever the specific intent with which an act is performed becomes a controverted fact·in a case, its existence may be established not only by direct but as well by circumstantial evidence. (8 Cal. Jur. 25 et seq.; 1928 Suppl. thereto, p. 585; and authorities there respectively cited.)

In the instant case, it being thus established law that in order to sustain a judgment of conviction of defendant the prosecution was required to prove his specific "intent to defraud", and that in order to establish such fact the introduction of substantial evidence relative thereto was essential, it should follow as a matter of course, not only that by the introduction of evidence, defendant was legally entitled to rebut or to controvert any evidence that tended to establish such alleged intent, but as well that he had a legal right to introduce other pertinent, independent, evidence with reference thereto for the purpose of establishing affirmatively his lack of criminal intent in the premises. The general principle of law, as announced in 10 California Jurisprudence, page 833, that "aside from proof by the testimony of a person himself as to his intent, motive or belief, these may be shown through others by the introduction of evidence as to his acts, or declarations, written or oral", is applicable. It is manifest that to permit the prosecution by the introduction of evidence, to prove specific intent of a defendant in the commission by him of an alleged criminal offense, and in the same action to deny an equal privilege to the defendant therein, relative to his lack of criminal intent, would be a poor exemplar of the administration of even-handed justice.

Adverting to the line of questions propounded to the witness who appeared in behalf of defendant, and to the offer of proof made by the attorney who represented defendant on the trial of the action, it may be noted that in effect defendant proposed to introduce evidence which would tend to establish the fact that by the time (in the ordinary course of business), the check in question would be presented to the bank for payment thereof, sufficient funds would have been in the bank to the credit of defendant ''for the payment of such check''. (Sec. 476a, Pen. Code.)

Considering the general language of section 476a of the Penal Code, under the provisions of which defendant was charged, it may be noticed that it has application to any person who draws a check upon a bank wherein he has not sufficient funds ''for the payment of such check'', etc. Under the proposed rule for the application of which the prosecution here contends, if on a given Saturday, at a time after a bank in which he carried an account was closed for the receipt of deposits of money therein, a reputable merchant who had a very small balance to his credit in his account with said bank, should in person, accompanied by several of his friends, arrive at the bank with a substantial amount of money intended for deposit to his credit therein, but then and there was prevented by the receiving teller, the cashier, and the president of the bank, personally, from making such deposit; and thereafter, on the same Saturday, such merchant should issue and deliver to one of his creditors a check for a sum of money in excess of the balance then to his credit in the bank, but less than the amount which he had sought to deposit therein;— neither the facts that related to his *bona fide* attempt to make such deposit, nor the additional fact, however thoroughly and satisfactorily it might be established, that before issuing the check he had made positive and reasonable arrangements to deposit in the bank on the following Monday the identical sum of money which theretofore he had sought to deposit, but had been prevented from depositing in said bank, and which was sufficient in amount ''for the payment of such check'', would be admissible in evidence. Although in such circumstances it might be difficult to accept the correctness of a ruling by the trial court such as just has been indicated, the principle of law relative

to the admissibility of evidence therein is the precise principle, the application of which is here invoked by the prosecution and which by the trial court was applied as to defendant. That in a situation such as is here present the establishment of the fact of "reasonable expectation of payment" constitutes a defense to the charge, and that evidence relating to such "expectation" is admissible, is indicated by the rulings in each of several authorities that appear in a note in 35 American Law Reports, at page 384 thereof.

With the exception of the single case of *People* v. *King*, 63 Cal. App. 674 [219 Pac. 753], the attention of this court is directed to no authority by which the contention of the prosecution herein is upheld. But an examination of the cited case will establish, if not demonstrate, the fact that the declaration by the court therein to the effect that evidence of the character of that here under consideration "was wholly irrelevant and immaterial to the issue" was entirely unnecessary to a proper decision of any legal point involved in the question before that court; nor was any authority cited in its support. As a foundation for its pronouncement, no reason was assigned; it was pure "*obiter*". The principle there announced is contrary and in direct opposition to the weight of authority, and this court is unwilling either to adopt it, or to concur in it, as a correct interpretation of the law applicable to the facts in the instant case.

The judgment and the order are reversed.

Conrey, P. J., concurred.

York, J., dissented.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1934.