[Crim. No. 3464. Second Dist., Div. Two. Dec. 9, 1941.]

THE PEOPLE, Respondent, v. HARRY KAUFFMAN, Appellant.

394

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was found guilty of forgery after trial before the court without a jury. From orders (1) granting him probation and (2) denying his motion for a new trial he appeals.

Viewing the evidence in the light most favorable to the people (respondent), the essential facts are:

Defendant, who is known as Harry Lieb or Harry Kauffman, went to the main office of the Bank of America National Trust and Savings Association, obtained a book of blank checks and a signature card. Thereafter, he took the blank checks to a printer and had the name "Warren F. Clark, M. D., 7046 Hollywood Blvd." printed on them. On June 17, 1940, he tendered to J. W. Robinson Company in payment of merchandise a check which he had written reading thus:

"16-5   LOS ANGELES MAIN OFFICE                    16-15
        660 SOUTH SPRING STREET
        BANK OF AMERICA                              No. 452
        NATIONAL TRUST & SAVINGS ASSOCIATION
"FOR            LOS ANGELES, CALIF., June 15, 1940
LUGGAGE
        "Pay to the
        order of    J. W. Robinson Co.          $180 25/xx
        "ONE HUNDRED EIGHTY DOLLARS
                            and 25/xx DOLLARS
        "WARREN F. CLARK, M. D.
        "7046 HOLLYWOOD BLVD.    Warren F. Clark."

At the time he presented the check, the clerk for J. W. Robinson Company asked defendant if he was Dr. Warren F. Clark, to which defendant nodded that he was. Later the cashier of the store asked defendant if he was Dr. Warren F. Clark and he stated that he was. Defendant admitted that he had no authority from Dr. Warren F. Clark to write the check. Neither did he have an account with the Bank of America National Trust and Savings Association.

Defendant relies for reversal of the order denying his motion for a new trial on these propositions:

*First: The evidence is insufficient to sustain a conviction because there was (a) no forgery, (b) no showing of any lack of authority upon the part of defendant to sign the name Dr. Warren F. Clark, and (c) no intention to defraud.*

*Second: The trial court committed prejudicial error in sustaining an objection to evidence tending to prove (a) that defendant had several bank accounts under different names, and (b) that defendant had made arrangements on June 17, 1940, to make a deposit with the Bank of America National Trust and Savings Association under the name of W. F. Clark.*

Defendant's first proposition is untenable. An examination of the record discloses substantial evidence to sustain each and every finding of fact set forth above together with such other findings as were necessary to support the judgment of forgery. From the undisputed evidence it appears that defendant went to J. W. Robinson Company and ordered three pieces of luggage of the value of $180.25. These he ordered sent C. O. D. to an apartment which he had rented at 1749 North Sycamore Street, Hollywood. In payment of rental for this apartment he gave a check to the proprietress signed with the name "Dr. Warren F. Clark," at the same time stating that he was Dr. Warren F. Clark.

The luggage was delivered to the apartment by an employee of the United Parcel Delivery, who told defendant that he had a large amount of "C. O. D.'s" for him. The employee asked defendant what relation he was to Dr. Clark, since he had known Dr. Clark for a number of years, to which defendant replied that he was a cousin of Dr. Clark. Defendant then came out with a check book in his hand but said he was afraid he didn't have enough money in the bank to cover the merchandise, but to return it to the store where he

would call for it. This he did on June 17, 1940, and tendered the check above mentioned. However, prior to calling for the merchandise, defendant had gone to the manager of the apartment house, told her that his wife had refused to move into the apartment which he had rented, and asked her to return the check which he had given her. This she did.

From the evidence and facts set forth above the trial court properly found that defendant was guilty of forgery, since such evidence shows that defendant with intent to defraud signed the name of another person to a check. (Sec. 470, Pen. Code.)

Defendant's second proposition is likewise untenable.

■ (a) The trial court in fact permitted defendant to testify over objection that he had more than one bank account and that they were under different names. *People* v. *Becker*, 137 Cal. App. 349 [30 Pac. (2d) 562], relied upon by defendant is inapplicable, for the reason that in the case just cited the prosecution was predicated upon a violation of section 476a of the Penal Code, while the present action was predicated upon a violation of section 470 of the same code. (b) It was likewise proper for the trial court to refuse to permit defendant to prove that he had made arrangements with the Bank of America National Trust and Savings Association to open an account under the name of W. F. Clark. The name used in the instant case was not W. F. Clark but Dr. Warren F. Clark.

■ An order granting probation and suspending the pronouncement of judgment and sentence, as was done in the instant case, is not an appealable order (*People* v. *Smith*, 36 Cal. App. (2d) 361, 362 [97 Pac. (2d) 867]). Therefore, the purported appeal from the order granting probation is dismissed.

For the reasons set forth above the order denying defendant's motion for a new trial was properly denied and it is therefore affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 7, 1942. Houser, J., and Carter, J., voted for a hearing.